IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH ISBELL,

    Plaintiff,

 v.

STATE OF OKLAHOMA, *et al.*,

    Defendant.

No. C 18-00269 WHA

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## INTRODUCTION

In this civil rights action, Magistrate Judge Robert Illman has filed a Report and Recommendation regarding dismissal of the complaint. For the reasons below, the Report and Recommendation is **ADOPTED** and the complaint is **DISMISSED**.

## STATEMENT

On January 11, *pro se* plaintiff Sarah Isbell brought this action against (1) the State of Oklahoma and its Department of Human Services, (2) Jim Hutchinson, the Director of the Oklahoma Department of Health and Human Services, in his official and individual capacities, (3) the State of California and its Department of Human Services, and (4) Alisha Griffin, the Director of the California Department of Child Support Services, in her official and individual capacities. Plaintiff seeks relief under the ADA, the Rehabilitation Act of 1973, the Fair Credit Reporting Act, and 42 U.S.C. § 1983 (Dkt. No. 1).

On March 13, after reviewing the complaint, Magistrate Judge Robert Illman filed a Report and Recommendation. Judge Illman found the complaint challenged an Oklahoma state court judgment ordering plaintiff to pay monthly child support and further challenged subsequent actions

taken by defendants to enforce the judgment. Judge Illman also determined it was unclear whether plaintiff sought to pursue claims against defendants separate and apart from her de facto appeal from the state court judgment and accordingly recommended dismissing the action for lack of jurisdiction with leave to amend. Plaintiff filed her objections to the Report and Recommendation on April 5 (Dkt. Nos. 17, 27).

**ANALYSIS**

Where a party objects to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Plaintiff objects on two grounds.

Plaintiff first argues that the *Rooker-Feldman* doctrine is inapplicable to this action because the Oklahoma child support order is not a "final judgment." Not so. The *Rooker-Feldman* doctrine applies not just to final state court orders and judgments, but also to interlocutory orders and non-final judgments issued by a state court. *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001). "Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Ibid.* (quoting *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16 (1983)).

Plaintiff next contends that even if the support order is subject to *Rooker-Feldman*, the "vast majority" of her complaint relates to enforcement actions taken by defendants *after* issuance of the Oklahoma court's judgment. To the extent her claims relate to actions taken prior to issuance of the judgment, plaintiff states that her claims are directed at defendants' policies, practices and decisions "which impair her Constitutional rights, not as a de facto appeal of the state court support order." Despite this objection, plaintiff seeks leave to "withdraw[ ] any statement" in her complaint "which could be read to call on this court to conduct a direct appellate review of legal errors by the state court" and to amend her complaint so as to "restate her claims to more specifically clarify facts supporting her claims" (Dkt. No. 27 at 4, 20).

This order agrees with the Report and Recommendation's finding that, as currently pled, the complaint is unclear as to whether plaintiff is pursuing claims apart from the attempted de facto

2

appeal. "A federal action constitutes such a de facto appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules.'" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This order also agrees that plaintiff should be granted leave to amend the complaint in order to clarify her claims.

**CONCLUSION**

For the reasons stated herein, the Report and Recommendation is **ADOPTED**. The complaint is accordingly **DISMISSED**. By **MAY 11**, plaintiff may file an amendment complaint raising any claims which are not inextricably intertwined with the Oklahoma court's judgment and not otherwise subject to dismissal.

**IT IS SO ORDERED.**

Dated: April 12, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE