IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH ISBELL,

    Plaintiff,

v.

STATE OF OKLAHOMA, *et al.*,

    Defendant.

No. C 18-00269 WHA

**ORDER RE MISCELLANEOUS MOTIONS**

*Pro se* plaintiff Sarah Isbell filed this action in January 2018. An April 12 order adopted Judge Illman's Report and Recommendation and dismissed the complaint with leave to amend. On March 23, while the Report and Recommendation was still pending, plaintiff filed several motions and requests (Dkt. Nos. 1, 17, 21, 34). This order addresses each motion in turn.

*First*, plaintiff seeks an extension of time to serve defendants with summons. Normally, FRCP 4(m) allows ninety days after the filing of the complaint for proper service of a defendant, failing which the action shall be dismissed without prejudice. Finding that good cause exists, however, plaintiff's request to extend time for service of defendants is **GRANTED IN PART**. All defendants must be served by **JULY 1**.

*Second*, plaintiff requests an order directing the United States Marshals Service to serve defendants with summons. FRCP 4(c)(3) provides, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal" and the court "must so order" if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915. An order granted plaintiff's application to proceed in forma pauperis. As explained above, however, plaintiff's complaint has

since been dismissed. Plaintiff's request is accordingly **DENIED WITHOUT PREJUDICE**. If plaintiff timely and properly amends her complaint, the Marshal will be directed to serve defendants.

*Third*, plaintiff seeks leave to amend the complaint to name two additional defendants. The April 12 order adopting Judge Illman's Report and Recommendation dismissed plaintiff's complaint with leave to amend. Plaintiff's request for leave to amend the complaint is accordingly **DENIED AS MOOT**.

*Fourth*, plaintiff moves for entry of default. Plaintiff acknowledges that she has not formally served defendants. She instead asks for default on the grounds that defendants have not agreed to waive service and defendants have "actual notice" of plaintiff's lawsuit. Because service had not occurred when plaintiff moved for default, the motion is **DENIED**.

*Fifth*, plaintiff's motions for (1) an order to show cause directing defendants to explain their decision to reinstate plaintiff's drivers license and (2) an order shifting "the burden of paying discovery costs to Defendants" are also **DENIED**.

*Sixth*, plaintiff's administrative motion to seal Exhibits 7, 9 and 10 to the above-described motions is **GRANTED IN PART AND DENIED IN PART**. A good cause showing under FRCP 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This order finds that good cause warrants sealing of the following personal information: (1) plaintiff's date of birth, (2) drivers licence numbers, (3) social security numbers, and (4) Department of Child Support Services case numbers. Good cause also warrants sealing any private medical information that has *not* already been disclosed in plaintiff's public filings. The remainder of plaintiff's sealing application is **DENIED**. By **MAY 11**, plaintiff shall re-file and submit to the Court redacted versions of Exhibits 7, 9 and 10 in accordance with this order.

**IT IS SO ORDERED.**

Dated: April 23, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE