IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SARAH ISBELL,

    Plaintiff,

  v.

STATE OF OKLAHOMA, OKLAHOMA DEPARTMENT OF HUMAN SERVICES, OKLAHOMA DEPARTMENT OF CHILD SUPPORT SERVICES, ED LAKE, officially and individually, DAVID HAMMONS, officially and individually, JIM HUTCHINSON, officially and individually, STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, ALISHA GRIFFIN, officially and individually, MICHAEL WILKENING, officially and individually, and LISA DUGAN, officially and individually,

    Defendants.

No. C 18-00269 WHA

**ORDER DENYING MOTION TO RECONSIDER**

**INTRODUCTION**

In this civil rights action, plaintiff Sarah Isbell moves for the reconsideration of an order dismissing her amended complaint. For the following reasons, plaintiff's motion is **DENIED**.

**STATEMENT**

*Pro se* plaintiff Sarah Isbell fathered two children in 2004 before undergoing gender reassignment surgery — her children reside with their mother in Oklahoma. Plaintiff moved to California, where she did not pay child support. In January 2016, an Oklahoma state court

found that plaintiff owed both future payments and arrears for the support of her two children. Agencies of both Oklahoma and California, here defendants, have attempted to enforce this judgment against plaintiff in favor of her children.

Plaintiff brought the instant action in January 2018 against (1) the State of Oklahoma and its Department of Human Services, (2) Jim Huchinson, the Director of the Oklahoma Department of Health and Human Services, in his official and individual capacities, (3) the State of California and its Department of Human Services, and (4) Alisha Griffin, the Director of the California Department of Child Support Services, in her official and individual capacities. Plaintiff later amended her complaint to include as defendants (5) Michael Wilkening and (6) Lisa Dugan in their official and individual capacities. Plaintiff sought relief under Title II of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, the Fair Credit Reporting Act (FCRA), and Section 1983 of Title 42 of the United States Code. Plaintiff alleges that in enforcing the Oklahoma court judgment, defendants discriminated against her on the basis of her disability by allegedly refusing to mitigate or negotiate mitigation of the enforcement of her child support order. She also alleges that defendants violated the Fair Credit Reporting Act through misrepresenting her financial status to credit agencies. Furthermore, she alleges defendants violated her constitutional rights by failing to provide her a meaningful opportunity to be heard in child support-related court proceedings and failing to provide her with proper notice of these proceedings. Lastly, she alleges that all of the above-alleged behavior violates public policy.

In March 2018, Magistrate Judge Robert Illman issued a report and recommendation to dismiss plaintiff's original complaint pursuant to the *Rooker-Feldman* doctrine. A prior order adopted Judge Illman's dismissal and granted plaintiff leave to amend her complaint. Plaintiff amended her complaint and defendants Jim Hutchinson and the State of Oklahoma, Department of Health and Human Services moved to dismiss plaintiff's first amended complaint in its entirety. The undersigned judge granted defendants' motions to dismiss and granted plaintiff leave to amend only her FCRA claim. Plaintiff now moves for reconsideration pursuant to Rule 59(e) (Dkt. Nos. 17, 34, 41, 45–46, 70, 73).

2

**ANALYSIS**

A motion for reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Plaintiff asserts that the Court clearly erred at numerous junctures in its grant of dismissal — this order now addresses plaintiff's arguments for why the dismissal order should be set aside.

*First,* plaintiff asserts that the *Rooker-Feldman* doctrine does not proscribe ruling on her constitutional claims. Not so. Plaintiff set forth claims under the First, Ninth, Thirteenth and Fourteenth Amendments, as well as Section 1983. The *Rooker-Feldman* doctrine mandates that district courts "must decline jurisdiction whenever they are 'in essence called upon to review a state court decision.'" *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (quoting *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 482 n.16 (1983)). In her first amended complaint, plaintiff specifies that her First and Fourteenth Amendment claims arise out of defendants' alleged refusal to let plaintiff see her children because of her LGBTQ status, their alleged denial of notice and opportunity to be heard in administrative and Oklahoma state court proceedings, and their alleged insistence that only the Oklahoma state court can hear her ongoing grievances regarding her child support obligations. These actions, however, were all ratified by the Oklahoma state court in that the court did not allow plaintiff to appear by telephone nor did it give plaintiff custody of her children. A federal district court does not sit as a court of appeals to these state court decisions.

Plaintiff adds under her Fourteenth Amendment claim that defendants' alleged refusal to appoint her counsel at state expense, revocation of her driver's license, and other enforcement measures are a denial of equal protection. These assertions, as elsewhere addressed, do not state claims upon which relief can be granted. Similarly, plaintiff's Ninth Amendment claim stems from defendants' alleged denial of a meaningful opportunity for plaintiff to be heard in court and defendants' alleged failure to reasonably accommodate plaintiff's disabilities and poverty. Again, the former issue cannot be reviewed by a district court. The latter issue, for which

3

plaintiff does not state a claim upon which relief can be granted, is addressed under plaintiff's ADA and Rehabilitation Act claims.

Finally, plaintiff's Thirteenth Amendment claim that defendants have subjected her to involuntary servitude, though somewhat unclear, seems to be rooted in defendants' garnishing of her wages and other punitive measures taken after plaintiff was allegedly late in her support payments. The claim also appears to stem from the state court's ruling that plaintiff owed arrears as well as future support payments. The latter cannot be reviewed by a district court and the former is addressed under plaintiff's ADA and Rehabilitation Act claims, again under which plaintiff does not state a claim. Because defendants' alleged civil rights violations either do not manifest a legal claim or are insulated from review by the *Rooker-Feldman* doctrine, plaintiff's Section 1983 claim is similarly barred from review.

*Second,* plaintiff argues that the prior dismissal order misinterpreted causation under the ADA. Our court of appeals indicates otherwise. To plead a claim under Title II of the ADA or Section 504 of the Rehabilitation Act, the plaintiff must allege that (1) she is disabled; (2) she would have otherwise qualified to receive benefits from the public entity here implicated; (3) she was denied access to the public entity's services or programs; and (4) this denial, exclusion, or discrimination was by reason of her disability. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). In order to meet the "by reason of" causal prong, a plaintiff must plausibly allege only that disability was a motivating factor, not the sole cause, of the adverse action at issue. *Head v. Glacier Nw. Inc.*, 413 F.3d 1053, 1063–64 (9th Cir. 2005). The ADA thus outlaws adverse decisions "motivated, even in part, by *animus based on a plaintiff's disability or request for accommodation.*" *Ibid.* (emphasis added). Plaintiff alleged in her first amended complaint that defendants targeted her for license revocation specifically because she was disabled, but did not allege sufficient facts to render the claim plausible. Plaintiff now alleges in her motion for reconsideration that defendants suspended her license because she was late in a support payment, that she was late because she was in the hospital due to complications from one of her disabilities, and thus that defendants penalized her because she was disabled. The chain of causation alleged is one degree removed

4

from that which would state a claim for an ADA violation. Defendants' alleged adverse action was not at all plausibly catalyzed by animus towards plaintiff's disability or requests for accommodation, but rather plausibly by execution of a policy that allowed license suspension as punishment for overdue support payments.

*Third,* although the dismissal order granted plaintiff leave to amend, plaintiff now expressly stands on her FCRA claim as already pled and asserts she has stated a cause of action in her first amended complaint. This order disagrees. A furnisher's statutory duties under the FCRA arise when notified of the disputed information *by a credit reporting agency. Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The prior dismissal order instructed plaintiff how to amend her claim to state a cause of action under the FCRA, but plaintiff instead asserts that "states cannot supply knowingly false information to credit reporting agencies . . . this is true whether the FCRA exists or not." While this may be true, it does not render plausible an otherwise ambiguous claim under the FCRA.

*Fourth,* plaintiff requests clarity on the screening of her case under Section 1915 of Title 28 of the United States Code. When a plaintiff proceeds *in forma pauperis* under Section 19l5, a court must conduct a screening of plaintiff's complaint and dismiss any claims which (1) are frivolous or malicious; (2) fail to state a claim upon which relief can be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 19l5(e)(2)(B) (West 2018). A complaint fails to state a claim upon which relief can be granted when it does not "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), even when the court takes "all allegations of material fact as true and construes them in the light most favorable" to plaintiff, *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,* 474 F.3d 1202, 1205 (9th Cir. 2007). District courts are not, however, obligated to credit "legal conclusions [and] mere conclusory statements" as true in assessing whether a complaint is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Though only two defendants moved to dismiss, this order above details that plaintiff failed to state a claim for relief against any of the defendants. Accordingly, her complaint was dismissed in its entirety.

5

Plaintiff's remaining arguments address points that are resolved, by her own admission, in the prior dismissal order.

**CONCLUSION**

For the reasons above, plaintiff's motion for reconsideration is **DENIED**. Her complaint is accordingly **DISMISSED** in its entirety without leave to amend. The one possibility for leave to amend is now eliminated by plaintiff's election to stand on her pleading. The California defendant's motion for screening of the first amended complaint is **DENIED AS MOOT**. Plaintiff's next step in pursuing a federal injunction, should she still wish to do so, is to file a timely notice of appeal and proceed to our court of appeals.

**IT IS SO ORDERED.**

Dated: August 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE